THE TRUSTEES OF SCHOOLS OF TOWNSHIP 39, Appellee, *vs.* FRANK E. DONLY *et al.* Appellants.

*Opinion filed October 22, 1927—Rehearing denied Dec. 8, 1927.*

SCHOOLS—*section 127 of School law does not require sites and prices to be printed on ballot where no sites are nominated by petition.* Under section 127 of the School law, authorizing boards of education to purchase sites for school houses in accordance with a majority of votes cast at an election for the purpose, the voter is given the right to vote for the site of his choice by writing it on the ballot, and where no site is nominated by petition of ten voters previous to the election, no site, with its maximum estimated price, is required to be printed on the ballot, and a site chosen by a majority of all the voters writing in their choice on the ballot is properly selected and no supplementary election is required. (*Trustees of Schools v. Berryman,* 325 Ill. 72, distinguished.)

DEYOUNG, J., took no part.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellants.

FRANK W. SWETT, and HUGO J. THAL, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The trustees of schools of township 39 north, range 12 east, in Cook county, at the request of the board of education of school district 90, filed on April 29, 1926, in the circuit court of Cook county, a petition to condemn four acres of land described, located in the village of River Forest, for a school house site. The owners of the property appeared on November 5, 1926, and moved to dismiss the petition. The motion alleged the election to authorize the location, selection and purchase of a site was illegal and void; that the ballot was illegal, and in other respects the election to select a site was illegal. The motion to dismiss

the petition was denied. A jury was impaneled and a trial had, the compensation to the owners of the property was fixed at $41,226, and judgment of condemnation entered. Frank E. and Winifred Donly have prosecuted an appeal to this court.

The only contention of appellants is that appellee had no authority to condemn the property because the election called and held by the board of education of district 90 to authorize the location and purchase of a school house site was illegal and void and condemnation was unauthorized.

The decision of the case depends upon the construction of the fifth paragraph of section 127 of "An act to establish and maintain a system of free schools." (Smith's Stat. 1925, p. 2325.) The first four paragraphs of the section define some of the powers, limitations and duties of boards of education. The fifth paragraph reads as follows: "To buy or lease one or more sites for school houses with necessary ground, and to purchase, build or move a school house, but it shall not be lawful for such school board of education to purchase or locate a school house site, or to purchase, build or move a school house, unless authorized by a majority of all votes cast on this proposition at an election called for such purpose in pursuance of a petition signed either by not fewer than three hundred legal voters of such district, or by one-fifth of all the legal voters of such district. If no site shall receive a majority of all the votes cast at such election on this proposition, the board of education shall call a supplementary election at which the sites receiving the highest and next highest number of votes at the first election shall be voted upon, and the site receiving the majority of· the votes cast on such proposition at either election shall be the school site for such district; and the board of education shall have the right to take and purchase the same for the purpose of a school house site, either with or without the owner's consent, by condemnation or otherwise. Provided that no site shall be placed

upon the ballot unless petitioned for by at least ten legal voters of the district; said petition shall recite the location, size and price, or in case condemnation proceedings are contemplated, the maximum estimated price of the proposed site and shall be filed with the clerk of the board of education at least ten days prior to the election. An abstract of the information recited in said petition in reference to the location, size and price of the proposed site shall be plainly printed on the ballot, and in no case shall the board of education purchase any such property for a greater sum than the price or maximum estimated price stated upon the ballot."

The record shows that a petition signed by 395 legal voters was presented to the board of education praying that an election be held for the purpose of voting for or against the proposition to locate and purchase a school house site of not less than two acres at some suitable point in the district. No site was mentioned in the petition of voters for the election. An election was called by the board, due notice given and the election held on March 27, 1926. The official ballot was printed "For the proposition to authorize" the board of education to purchase a school house site of not less than two acres, and "Against the proposition to authorize" the purchase of a site. On the same ballot was also printed, "For the following described premises for a school house site," with a blank space in which the voter might write the description of a site. It is contended by appellants that the proposed site should be designated on the ballot so that the voters might have notice of what site was to be voted upon, and that the price of the proposed site or maximum estimated price, and the size of the site, should also be printed on the ballot. The statute specifically says no site shall be placed on the ballot unless petitioned for by ten legal voters of the district, and such petition shall recite the location, size and price, or, in case condemnation proceedings are contemplated, the maximum estimated price

' of the proposed site. Such petition shall be filed with the clerk of the board of education at least ten days prior to the election. The plain meaning and intent of the statute is, that unless petitioned for by ten voters no site shall be printed on the ballot. The purpose is to permit every voter to vote for the location he prefers. There may be all or a large majority who favor authorizing the location and purchase of a site, but a majority may not agree on the same location. In such case a supplementary election shall be called by the board of education at which the sites which received the highest and next highest number of votes shall be voted upon, and the site then receiving the highest number of votes shall be the site selected. The only instance in which the board has authority to place the description of one or more sites on the ballot is at a supplementary election when no site has previously received a majority of the votes for school site purposes or when petitioned to do so at the time of the first election. Even then the voter has the right to vote for a different location by writing it on his ballot. The voter cannot be denied the right to vote for the site of his choice whether a site is placed on the ballot or not. (*Sanner* v. *Patton,* 155 Ill. 553.) The constitution requires that elections shall be free and equal. (*O'Connor* v. *Board of Education,* 288 Ill. 240.) A voter who favors the purchase of a site cannot be required to vote for a site he does not approve or vote against the purchase of a site because the site of his choice is not on the ballot. The policy of the statute is, that unless a site is petitioned for and designated or nominated therein by ten voters none shall be printed on the ballot, and all voters who favor the purchase of a site are at liberty to vote for any site of their choice. If no site receives a majority a supplementary election shall be held. In this case no site was petitioned for, and the board was by the statute expressly forbidden to place one on the ballot. Twenty-three votes were cast at the election according to the canvass

thereof. Twenty-one votes were cast for the proposition to authorize the board of education to purchase a school house site and no votes were cast against it. Twenty-one voters wrote upon the ballot furnished them the description of the property here sought to be condemned. The canvass showed the site received twenty-one votes, no votes were cast against it, and no votes were cast for any other site.

Complaint is made that no price for the site was mentioned. That was not required by the statute. When a site is nominated by the petition of ten or more legal voters of the district the size and price must be stated, but that is not so when no nomination of a site has been made and the site is not printed on the ballot.

Appellants cite the case of *Trustees of Schools* v. *Berryman,* 325 Ill. 72, as authority for their interpretation of paragraph 5 of section 127 here under consideration. In that case several sites were nominated by the petitions of legal voters of the district to be presented to the board of education, which sites were thereafter placed upon the election ballot and submitted for choice to the voters at such election. A choice was declared from the vote, and the site chosen was sought by condemnation proceedings. The cost of the site by condemnation proceedings exceeded the price of the tract as recited in the petition, as placed upon the ballot and as authorized by the voters at the election. This court held, after reviewing the proceedings, that under the facts the board of education was not warranted in paying out more money than the authority granted it under the election. The facts in the *Berryman case* are quite different from those in this case and the point raised in the case at bar was not presented or decided in that case, hence that case is not decisive here.

Counsel say that when two constructions can be put upon a statute, one absurd or mischievous and the other reasonable, the latter construction will be adopted. We are unable to see how two constructions can be placed upon

the statute, and we see nothing mischievous or absurd in the statute construed as we have construed it.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DEYOUNG took no part in this decision.